**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER ALEXANDER MARTINEZ-RIVAS,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 07-74863<br><br>Agency No. A077-957-424<br><br>MEMORANDUM* |
| ELDER ALEXANDER MARTINEZ-RIVAS,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 08-72448<br><br>Agency No. A077-957-424 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2011
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

In these consolidated petitions, Elder Alexander Martinez-Rivas ("Martinez-Rivas"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions for review.

Martinez-Rivas argues that the IJ erred in concluding he did not establish past persecution or a well-founded fear of future persecution on account of his race. This court reviews the BIA's decision that a petitioner has not established eligibility for asylum or withholding of removal for substantial evidence. *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005). "This standard limits reversals of BIA decisions to situations where the Petitioner has presented evidence so compelling that no reasonable factfinder could fail to find that Petitioner has not established eligibility for asylum." *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir. 2005) (internal quotation and alteration marks omitted).

Although Martinez-Rivas has clearly suffered harassment and discrimination on account of his race, the evidence presented, even taken cumulatively, does not

2

compel a finding of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003).

Because Martinez-Rivas did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Contrary to Martinez-Rivas's contention, the BIA acted within its discretion in determining that he failed to file a timely motion to reopen. Martinez-Rivas did not file his motion until two weeks after the deadline, the 2005 country report he submitted with his motion to reopen could have been presented to the IJ, and the 2006 country report does not show materially different conditions in Guatemala. *See, e.g., Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) ("A motion to reopen must be based on evidence that is 'material and [that] was not available and could not have been discovered or presented at the former hearing.'") (quoting 8 C.F.R. § 1003.2(c)(1)) (alteration in *Garcia*).

**PETITIONS FOR REVIEW DENIED**.

3